IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GOODRIDGE,

Petitioner, No. CIV S-11-1937 GEB CKD P

vs.

MICHAEL MARTEL, et al.,

Respondents. ORDER; and

_______________________________/ FINDINGS & RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a sentence of seven-years-to-life imprisonment entered upon a 1971 Superior Court of Sacramento County conviction for first degree murder. All of petitioner's claims concern the fact that he was denied parole in 2010.

I. Request To Proceed In Forma Pauperis

Petitioner requests permission to proceed in forma pauperis. Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. Request For Appointment Of Counsel

Petitioner has requested appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d

453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel. Therefore, petitioner's request will be denied.

III. Screening

Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. As indicated below, it is clear petitioner is not entitled to habeas relief.

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)."[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

> have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. "Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th

Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

First, petitioner asserts his being denied parole in 2010 was a result of a denial of his Fourteenth Amendment right to equal protection of the laws. Generally speaking, the Equal Protection Clause requires that similarly situated persons not be treated differently because of an impermissible motive (like racism). U.S. v. Estrada-Plata, 57 F.3d 757, 760 (9th Cir. 1995). Petitioner fails to point to evidence indicating a significant number of other persons who have committed crimes similar to petitioner were paroled sooner than the time already served by petitioner. Also, he fails to point to anything indicating he was denied parole based on any impermissible motive. Accordingly, it is clear petitioner has no valid equal protection claim.

Next, petitioner asserts that the amount of time he has served in prison, about 40 years when his habeas petition was filed, constitutes cruel and unusual punishment in violation of the Eighth Amendment. However, petitioner fails to point to anything suggesting he has a right arising under the Eighth Amendment to be paroled at any point while serving a lawfully imposed indeterminate sentence. The Eighth Amendment does require that a sentence not be grossly disproportionate to the crime committed. Ewing v. California, 538 U.S. 11, 23-24 (2003). But, that principle applies to the imposition of the sentence, not whether or when an inmate serving a years-to-life sentence should be paroled. For these reasons, petitioner does not present a valid Eighth Amendment claim.

Petitioner also asserts he was denied due process in violation of the Fourteenth Amendment. He cites Brady v. Maryland, 373 U.S. 83 (1963) which generally stands for the proposition that prosecutors must turn over exculpatory evidence to defendants. Petitioner fails to indicate how Brady is in anyway applicable to parole proceedings.

Petitioner points to other federal cases and legal terms like "ex post facto" and "suppression of evidence" but he fails to reasonably articulate any other federal claim.

For all of these reasons, it is clear petitioner is not entitled to habeas relief. Therefore, the court will recommend that petitioner's application for writ of habeas corpus be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (#2) is granted; and

2. Petitioner's motions for appointment of counsel (#3 & #8) are denied.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/md
good1937.110